958 F.2d 376
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Barry William ALLEN, Plaintiff-Appellant,
v.
Craig KENNEDY, et al., Defendants-Appellees.
 No. 90-15817.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 9, 1992.*
Decided March 17, 1992.
 
 Before CHAMBERS, FARRIS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The district court properly dismissed Allen's section 1983 action against Craig Kennedy. See Tower v. Glover, 467 U.S. 914, 920 (1984) ("appointed counsel ... does not act 'under color of' state law in the normal course of conducting the defense"). Although "an otherwise private person acts 'under color of' state law when engaged in a conspiracy with state officials," id., Allen's complaint does not allege any such conspiracy. Allen cannot cure this defect on appeal. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989) ("review is based on the contents of the complaint").
 
 
 3
 The court also properly dismissed Allen's section 1983 action against the Santa Clara Public Defender's Office. In order to prevail against the Defender's Office, Allen must establish that it authorized or approved of Kennedy's alleged misconduct. See Bergquist v. County of Cochise, 806 F.2d 1365, 1369-70 (9th Cir.1986). Allen did not amend his complaint in the time provided by the court's final order. The bare allegation that "Ken[n]edy works for the county" does not state a claim that would entitle Allen to relief. See id. at 1369 ("supervisors are not subject to vicarious liability").
 
 
 4
 Finally, the court properly dismissed Allen's section 1983 action against the Santa Clara County Superior Court. See Greater Los Angeles Council On Deafness v. Zolin, 812 F.2d 1103 (9th Cir.1987) ("Although the County does pay most of the Superior Court's bills, state case law and constitutional provisions make clear that the Court is a State agency.... [A] suit against the Superior Court is a suit against the State, barred by the eleventh amendment." (citations omitted)). The court did not err.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3